**UNITED STATES of America ex rel., Angelo GASDIEL, C–91610, Petitioner,**

v.

**Michael LANE, Acting Director, Illinois Department of Corrections, and James Greer, Warden, Menard Correctional Center, Respondents.**

No. 82 C 5181.

United States District Court, N.D. Illinois, E.D.

Dec. 29, 1982.

Steven Clark, Deputy Defender by Elizabeth Clarke, Asst. State Appellate Defender, Chicago, Ill., for petitioner.

Tyrone C. Fahner, Atty. Gen. by Mark L. Rotert, Asst. Atty. Gen. of Ill., Chicago, Ill., for respondents.

MEMORANDUM OPINION

BUA, District Judge.

The instant matter concerns a petition for habeas corpus relief pursuant to 28 U.S.C. 2254. Before the Court are the parties' cross-motions for summary judgment. For the reasons stated herein, the Petitioner's motion is denied and the motion of the Respondents is granted.

Petitioner Angelo Gasdiel was found guilty of the murder of David Reif in a bench trial and was sentenced to a term of 30 to 90 years' imprisonment. Petitioner appealed this conviction, but the determination of the trial court was affirmed. *People v. Gasdiel,* 93 Ill.App.3d 1205, 51 Ill.Dec. 654, 420 N.E.2d 1212 (2nd Dist.1981). The Illinois Supreme Court denied Petitioner leave to appeal. Petitioner then filed this lawsuit.

The single issue to be determined here is whether the failure of the prosecution to disclose the residence address of one of its witnesses, Elaine Brady, constitutes a violation of the Petitioner's Sixth Amendment right of confrontation. Under the facts of this case, the Court holds that it does not.

At trial, the issue of the Petitioner's mental state at the time of the killing of David Reif arose. To support its contention that Petitioner Gasdiel possessed the required state of mind to support a murder conviction, the prosecution produced Elaine Brady to testify on its behalf. While not a witness to the shooting, Brady did testify that one morning, while in the process of opening the shop which she ran, she overheard Gasdiel admit that he had deliberately chased and shot the deceased in an effort to kill him. She reported these statements to the authorities and was subsequently contacted by the prosecution.

Because Brady feared for her well being, she was afraid to and in fact did not disclose her home address to the defendant. The address and phone number of her store were, however, disclosed, as was the fact that she spent six or seven days a week there. This business address was disclosed to Petitioner a full two months before trial, and defense counsel did, in fact, meet with Ms. Brady at that location. At no time before trial did Petitioner's counsel complain or object to the fact that the witness' home address had not been disclosed. At trial, defense counsel conducted a lengthy and probing cross-examination of Ms. Brady.

Petitioner argues that, under *Smith v. Illinois,* 390 U.S. 129, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968), his murder conviction must be overturned based on a violation of his Sixth Amendment right to confront witnesses. In *Smith,* the Supreme Court held that there had been a Sixth Amendment violation where the defense was denied the opportunity to effectively cross-examine the prosecution's main witness because not only the witness' address, but also his name had been withheld from the defense. By contrast, in the instant case the defense was well aware of the witness' name and the address and phone number at which she could be reached on most any day and in fact did contact her at that location prior to trial.

In *Smith,* the only real issue in the case turned on the credibility of the prosecution's witness. In the instant case, the testimony of witness Brady constituted only "part" of the evidence which persuaded the trial court. Indeed, the trial court specifically stated that it was "convinced from the physical evidence" of defendant's guilt.

As noted by the Illinois Appellate Court, a witness' residence address should be disclosed by the state. However, reversal is warranted only if prejudice has inured to the defendant. *People v. Gasdiel,* supra, slip op. at p. 5 (Ill.App.Ct., 2d Dist. April 2, 1981). As the Court stated in *United States v. Teller,* 412 F.2d 374 (7th Cir.1969), *cert. denied,* 402 U.S. 949, 91 S.Ct. 1603, 29 L.Ed.2d 118 (1970), "*Smith* requires reversal only where the lack of a witness's name and address denies a defendant an opportunity to effectively cross-examine a witness. When this happens, a defendant is denied his Sixth Amendment right to confrontation. However, the initial question is whether the defendant was denied effective cross-examination." *Id.* at 380. In the instant case, it cannot be said that the opportunity for effective cross-examination was denied Petitioner. Armed with the witness' work address, work phone number, and two months' notice, defense counsel could, without question, obtain substantial information concerning the reputation and veracity of the witness and clearly had the opportunity to question and impeach Ms. Brady's testi-

mony. Given that defense counsel conducted an effective and lengthy cross-examination of Ms. Brady in which numerous areas were explored, it cannot be gainsaid that the right to effective cross-examination was denied the Petitioner. Additionally, as the trial court appears to have based its decision only partially upon Ms. Brady's testimony and as it appears that the same finding would have been made without such testimony, no prejudice inured to the Petitioner by the failure of the prosecution to disclose the witness' home address.

## CONCLUSION

The failure of the prosecution to disclose the address of its witness, while not proper, nevertheless did not prejudice Petitioner such that there was a violation of his Sixth Amendment right of confrontation. Therefore, the Respondents' Motion for Summary Judgment is granted and the Petitioner's Motion for Summary Judgment is denied.

IT IS SO ORDERED.